**SO ORDERED.**

**SIGNED September 29, 2026.**

**STEPHEN D. WHEELIS**
**UNITED STATES BANKRUPTCY JUDGE**

---

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**IN RE: Timothy Matthew Buckley** **CASE NO. 22-80227**
**Morgan Michaela Stokes-Buckley**

**ORDER OF CONFIRMATION OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN**

A Modified Chapter 13 Plan was filed by the Debtor(s) on 07/29/2026 [ECF No. 83] and noticed for a hearing on an "if and only if" basis. An Immaterial Mod was filed on 09/04/2026 [ECF No.86] All, if any, Objections having been resolved, overruled or withdrawn, and considering the Chapter 13 Trustee's Certification in Support of Confirmation of Chapter 13 Plan,

**IT IS ORDERED** that the Modified Chapter 13 Plan [ECF No. 83] and the immaterial mod [ECF No. 86] are hereby **CONFIRMED and a total of $81,016.44 has been paid in for the first 51 months, then $1,681.00 per month for the remaining 9 months for a total term of 60 months.**

**IT IS FURTHER ORDERED that the following additional terms shall apply:**

1. **Payment Sequence**. Unless the Court enters an Order providing for a different payment sequence, to conform with the requirements of Code § 1325(a)(5)(B)(iii)(I), the Trustee must follow the payment sequence set forth below from payments received by the Trustee. Each numbered paragraph in subparagraph (b) is a level of payment. At the time of any disbursement, if there are insufficient funds on hand to pay any allowed claim in full, claims with a higher level of payment shall be paid any unpaid balance owed, in full, before any disbursement to a claimant with a lower level of payment. If multiple claimants are scheduled to receive payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to claimants within that level on a *pro-rata* basis.

**(a)** The Trustee shall collect the percentage fee currently due from all payments under the Plan. *See*, 28 U.S.C. § 586(e).

**(b)** The Trustee must distribute--

**(1)** payment due under Code § 1326(a)(1)(C) (conduit adequate protection), if the Plan provides for such, which payment shall continue in equal monthly amounts post-confirmation until the Trustee has satisfied all claims due under Code § 1326(b)(1);

**(2)** payment of conduit ongoing monthly mortgage payments of the kind specified in Code § 1322(b)(2), if the Plan provides for such, for all such payments that become due after the commencement of the case and for each month thereafter in equal monthly amounts;

**(3)** payment due under Code § 1326(a)(1)(B) (conduit lease payment), if the Plan provides for such, and continue each month thereafter;

**(4)** payment due under Code § 1326(b)(1) (administrative claims), if the Plan provides for such, which payment shall commence as soon as practicable following confirmation until paid in full;

**(5)** payment to the holders of allowed secured claims (exclusive of an arrearage claim), if the Plan provides for such, in the respective amounts shown in the Plan as confirmed or as later modified, and pursuant to Code § 1325(a)(5)(B)(iii)(I), such payments shall continue for each consecutive month thereafter until said claim is paid in full;

**(6)** payment of home mortgage arrears, if the Plan provides for such;

**(7)** payment of specially classified claims, if the Plan provides for such, which payment shall be paid in the manner provided in the Plan;

**(8)** payment of claims entitled to priority under Code § 507, if the Plan provides for such, provided that in any event payment of such claims shall comply with Code § 1322(a)(2) and (4);

**(9)** payment of any remaining funds, *pro rata* to holders of allowed non-priority, unsecured claims; and

**(10)** payment of any debt or claim not addressed by this confirmation order shall be administered in accordance with the Plan and applicable laws.

2. **Restrictions on Incurring Debt**. Debtor(s) shall not incur any non-emergency consumer debt, including the refinancing of real property debt or purchases on credit in excess of the aggregate of $1,000.00 per calendar year, without order of the Court.

3. **Restrictions on Disposition of Property**. Debtor(s) shall not sell, dispose of, or transfer any property without Order of the Court.

4. **Claim Amount vs. Plan Amount for Sections 3.3 or 4.4 of the Plan**. Unless otherwise ordered by the court, to the extent Sections 3.3 or 4.4 of the Plan apply, the claim amount stated on a proof of claim controls over any contrary amounts listed in Sections 3.3 or 4.4 of the Plan. In the absence of a contrary timely filed proof of claim, the amounts stated in Sections 3.3 or 4.4 of the Plan are controlling.

5. **Tax Returns and Refunds**. In addition to the tax pledge in Part 2.4 of the Plan, the Chapter 13 Trustee shall establish procedures for reviewing tax returns and requests to retain refunds. These procedures shall include the tax certification currently required by the Debtor(s), which shall include any request to retain refunds and the reason therefore. The Chapter 13 Trustee shall then file an acknowledgement of receipt of tax document and approval of request to retain tax refund in the record and if approved by the Trustee, upload an order for review by the Court approving the retention of the refund. Any matters not submitted on consent shall be handled either by a motion for turnover of refund and/or a motion to retain refund. Notwithstanding anything herein to the contrary and absent further orders of the Court, if a Notice of Trustee's Waiver of Tax Refund Pledge is filed or record in this case, then the Debtor(s) shall be relieved of the obligations contained in this section to the extent provided by such Notice.

6. **Deadline for Secured Creditors to File Deficiency Claim**. Unless the court orders otherwise, a secured creditor whose collateral is surrendered must amend a timely filed proof of claim to assert a deficiency, if any, within 90 days after the later of: (a) the date the collateral is surrender by Debtor(s); (b) the date of the entry of this Order; or (c) the date the stay is lifted. If a deficiency claim is not timely filed, the surrender of the collateral shall constitute full satisfaction of the debt owed to such creditor.

7. **Insurance Requirements.** To the extent required by any contract or agreement with a creditor, the debtor shall (a) maintain insurance on all described collateral in an amount sufficient to protect the interest of the creditor therein; (b) name the creditor as "loss payee;" and (c) provide evidence of such insurance to the creditor. Debtor shall comply with 11 USC 1326(a)(4).

8. **Sanctions**. **Failure of any party in this case to abide by the terms of the Confirmed Plan and this Order may result in sanctions or dismissal of the case should Debtor(s) fail to comply.**

###

/s/ Dinorah Gonzalez
Chapter 13 Trustee